**Dean J. VILLANTE, Plaintiff-Appellant,**

v.

**Louis MANN, Superintendent of Shawangunk Correctional Facility, Catherine Vacca, Nurse Administrator, Nurse McWhorter, Doctor Sypeck, Jane Magill, and Doctor L. Forese, Orthopedic Doctor, Defendants-Appellees,**

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Nurse Dougherty and Nurse Doeincken, Defendants.**

No. 02–0125.

United States Court of Appeals, Second Circuit.

Feb. 13, 2003.

Dean J. Villante, Oneida, Correctional Facility, Rome, NY., for Appellant, pro se.

Edward Lindner, Assistant Solicitor, General (Andrea Oser, Assistant, Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, FRED I. PARKER, Circuit Judges, and LEWIS A. KAPLAN,* District Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit,

---

held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of February, two thousand and three.

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Dean J. Villante is a prisoner at the Oneida Correctional Facility in Rome, New York. He filed the Complaint in the instant action *pro se* on September 12, 1996, claiming that the defendants violated his rights under 42 U.S.C. § 1983. Specifically, he claims that the defendants were deliberately indifferent to his serious medical needs and that the treatment he received for back pain, recurrent skin rashes and a chronic cough was inadequate and ineffective in violation of the Eighth Amendment.

On December 14, 2000, after an extensive period for discovery, the defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was referred to Magistrate Judge David R. Homer for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). On October 26, 2001, Magistrate Judge Homer recommended that the defendants' motion be granted and that the complaint be dismissed. Villante timely filed objections to the Report and Recommendation.

On March 28, 2002, the District Court adopted Magistrate Judge Homer's Report and Recommendation in its entirety. *See Villante v. New York State Department of Correctional Services*, No. 96 CV 1484 (N.D.N.Y. Mar. 28, 2002). The Court concluded that, even assuming that Villante had demonstrated that he had a serious medical condition, he failed to show that the defendants were deliberately indifferent to his condition, as necessary to prove an Eighth Amendment violation based upon inadequate medical treatment. *Id.* at 6. Accordingly, the Court held that "there is no genuine issue of material fact concerning [the defendants'] alleged deliberate indifference to plaintiff's medical needs." *Id.* at 7.

With respect to Villante's argument that he was entitled to additional discovery in order to oppose the defendants' motion for summary judgment, the Court held that "given the extensive medical records provided by defendants which detail plaintiff's care by defendants, it is not reasonable to conclude that additional records: (1) are in existence and being concealed by defendants; or (2) would change the result of the Court's determination that plaintiff received reasonable and adequate medical treatment." *Id.* at 7–8. Further, the District Court noted that Villante "has offered no explanation or excuse for having waited until being served with defendants' motion for summary judgment to advise the Court of his need for further discovery." *Id.* at 8.

The District Court also agreed with Magistrate Judge Homer's determination that, because Villante "has made no factual allegations concerning defendant Mann's personal involvement in any of the deprivations at issue herein, he is entitled to dismissal of the complaint against him." *Id.* Finally, the Court noted that Villante "has not offered any explanation or excuse for having failed to provide the U.S. Marshal's Service with the necessary form and information to effect service on [the Department of Correctional Services]." *Id.* at 8–9.

For the foregoing reasons, the Court adopted Magistrate Judge Homer's Report and Recommendation and granted the defendants' motion for summary judgment.

We substantially agree with the District Court's opinion.

Accordingly, the judgment of the District Court is hereby AFFIRMED.